UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

DANIEL D. SKAGGS,

    Plaintiff,

v.                                                                              Case No. 20-2092

J.L. BELCHER, et al.,

    Defendants.

REPORT AND RECOMMENDATION

This case is before the Court on Defendants Dennis Costerisan, Kam Dowdy, Song Ok Kang, Dana Ray, and Amanda Thompson's Joint Motion to Dismiss (#60). Defendants Jamie Belcher, Scott Flannery, and Macon County filed a Motion to Adopt Co-Defendants Motion to Dismiss and Supporting Memorandum (#62) which the Court granted (Text Order Entered 12/06/2021). Plaintiff, Daniel D. Skaggs, filed a Response (#63) in opposition. For the reasons provided below, the Court recommends Defendants' Motion to Dismiss (#60) with prejudice be GRANTED and sanctions of $505.00 be applied to Plaintiff.

I.     Background

The following is from this Court's previous sanction order entered on September 30, 2021 (#57):

> Skaggs filed his pro se Complaint against all Defendants on April 15, 2020. Skaggs' attorney entered an appearance on August 3, 2020 and filed an amended complaint on September 15, 2020. The Amended Complaint alleges that Defendants were deliberately indifferent to Skaggs' need for medical attention in violation of 42 U.S.C. § 1983. Skaggs' claims arose between the dates of April 13, 2019 and September 7, 2019, while he was in custody at the Macon County Jail.

> The Medical Defendants first attempted to depose Skaggs on May 18, 2021. That morning, Skaggs informed his attorneys that his mother was having an emergency and required immediate medical attention. Skaggs told his attorneys that he would miss his deposition to drive his mother to the hospital. Skaggs' attorneys relayed this information to the Medical Defendants. The Medical Defendants did not seek compensation from Skaggs for out-of-pocket expenses and worked with Skaggs to reschedule the deposition; the deposition was rescheduled to July 13, 2021.
>
> On June 11, 2021, Skaggs was served with a Notice of Deposition. On July 12, 2021, Skaggs' counsel confirmed that Skaggs would be present at the scheduled deposition. However, on July 13, 2021, Skaggs failed to appear. Skaggs' attorneys were unable to successfully contact him. The Medical Defendants incurred $505.00 in cancellation fees in addition to attorney's fees as a result of Skaggs' failure to show. The Medical Defendants further claim, at least at the time of filing this motion, that Skaggs did not provide any excuse for his absence.
>
> Skaggs, however, claims he was arrested at or before the time of the scheduled deposition on July 13, 2021. Skaggs provides no evidence to support this claim.

In that previous order, the Court ordered Skaggs to pay $505.00, due within 14 days. (#57). Skaggs was further ordered to "sit for his deposition at a mutually agreed upon date within 45 days of this order." The Court warned Skaggs that his failure to appear for his deposition would result in his case being "dismissed with prejudice for lack of prosecution." *Id*.

Since that order, Skaggs failed to appear for two separate mutually agreed upon depositions: first on Monday, October 25, 2021 and then on November 10, 2021. Skaggs did not communicate with his counsel to provide any justification or excuse for his absence. As of this date, Skaggs has failed to sit for his deposition, long surpassing the 45-day deadline the Court previously set.

## II.    Legal Standard

Fed. R. Civ. P. 37(d) provides for sanctions when a party fails to attend its own deposition. "[T]he court must require the party failing to act, the attorney advising that

party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Permissible sanctions range from "the imposition of attorney's fees and expenses to the dismissal of the party's case." *Gee v. City of Chicago Pub Sch.*, 2002 WL 1559704, at *2 (N.D. Ill. July 12, 2002). "It is well settled . . . that the entry of a dismissal or default judgment under Rule 37 requires a showing of 'willfulness, bad faith, or fault' on the part of a non-complying party." *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982). The Seventh Circuit "require[s] district judges to consider other sanctions before resorting to dismissal." *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014). While dismissal is a harsh sanction, "the failure to appear for deposition is treated as a more significant violation than other discovery abuses." *Alston v. Deutsch Borse*, AG, 80 F. App'x 517, 519 (7th Cir. 2003).

### III.  Analysis

The Court finds that Skagg's conduct amounts to the "willfulness, bad faith, or fault" necessary for dismissal. *See Hindmon*, 677 F.2d at 620. Skaggs, the plaintiff and likely key witness for this case, has now missed his own scheduled deposition four times. Skaggs was explicitly ordered to sit for his deposition before November 15, 2021, and failed to do so. While dismissal is a harsh sanction for a discovery violation, the Court's previous sanctions have proved unavailing.  He was sanctioned financially and ordered to sit.  This was not enough to encourage his participation at a deposition.  He was warned that failure to prosecute his case may result in dismissal.  Despite this warning, he failed to appear at two more scheduled depositions.  There is no other sanction available to the Court that will motivate Plaintiff to participate in his deposition. The Court has thus fulfilled the requirements set forth in *Alston*, and now finds dismissal to be an appropriate sanction. 80 F. App'x at 519.

### IV.  Conclusion

Accordingly, **the Court recommends that Plaintiff's case be DISMISSED with prejudice pursuant to Fed. R. Civ. P. 37(b). Regarding the monetary sanctions, the Court has already imposed a $505.00 fine. With the close of this case, the Court**

**recommends that amount become due immediately and accrue interest pursuant to 28 U.S.C. §1961.** The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 11th day of January, 2022.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
