E-FILED
Tuesday, 22 February, 2022 10:57:06 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DANIEL SKAGGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 20-2092-CSB** |
| | ) | |
| | ) | |
| **J.L. BELCHER,** ***et al.*****,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' joint motion to dismiss for lack of prosecution and on Plaintiff's objections to the Report and Recommendation filed by United States Magistrate Judge Eric I. Long.

On December 1, 2021, Defendants filed a joint motion to dismiss this case based upon Plaintiff's failure to prosecute it. Specifically, Defendants asked the Court to dismiss this case as a sanction against Plaintiff for failing to appear for his properly noticed and scheduled deposition. Plaintiff failed to appear despite this Court's specific Order requiring him to do so, in addition to his obligation to appear under Federal Rule of Civil Procedure 30. Accordingly, Defendants moved the Court to dismiss this case pursuant to Federal Rule 37.

On January 11, 2022, United States Magistrate Judge Eric I. Long entered a Report and Recommendation on Defendants' joint motion to dismiss. Therein, Magistrate Judge Long recommended that this Court grant Defendants' motion to

dismiss. Magistrate Judge Long further recommended that the Court impose sanctions against Plaintiff in the amount of $505.00. Magistrate Judge Long recommended that this Court take these actions against Plaintiff based upon his failure to comply with Magistrate Judge Long's September 30, 2021 Order—specifically, his repeated failure to appear for his properly noticed and scheduled deposition.

Plaintiff, through his counsel, has filed objections to Magistrate Judge Long's Report and Recommendation. Therein, Plaintiff notes that dismissing a case as a sanction under Federal Rule 37 is a harsh penalty. Plaintiff further contends that Defendants have not demonstrated any prejudice as a result of having to reschedule his deposition several times, and he submits that any prejudice suffered was mitigated by Magistrate Judge Long when Magistrate Judge Long imposed sanctions of $505.00 against him. Accordingly, Plaintiff asks the Court to overrule Magistrate Judge Long's Report and Recommendation and to deny Defendants' motion to dismiss. Alternatively, Plaintiff asks the Court to dismiss this case without prejudice instead of with prejudice as recommended by Magistrate Judge Long.

The Court has carefully conducted a *de novo* review of Magistrate Judge Long's reasoning for recommending that Defendants' joint motion to dismiss be granted. The Court has also carefully reviewed Plaintiff's objection thereto.

The Court agrees with and accepts Magistrate Judge Long's Report and Recommendation, including the imposition of sanctions against Plaintiff. Plaintiff's repeated failure to attend his properly noticed and scheduled deposition warrants the sanction of dismissal because it is clear that no other sanction is appropriate under the

circumstances. Therefore, the Court agrees with Magistrate Judge Long that Defendants' joint motion to dismiss should be granted.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's *pro se* motion for status [71] is DENIED as moot in light of this Order.**

**2. United States Magistrate Judge Eric I. Long's January 11, 2022 Report and Recommendation [64] is ACCEPTED by the Court, including the imposition of sanctions against Plaintiff in the amount of $505.00.**

**3. Plaintiff's objections to United States Magistrate Judge Eric I. Long's Report and Recommendation [68] are OVERRULED.**

**4. Defendants' joint motion to dismiss for lack of prosecution [60] is GRANTED.**

5. **Accordingly, this case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

**5. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**6. If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith.**

**Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 22nd day of February, 2022

______/s Colin S. Bruce____________________
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE